UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RODRICK GILL #295147,               )
                                    )
                Plaintiff,          )      Case No. 2:06-cv-76
                                    )
v.                                  )      HON. GORDON J. QUIST
                                    )
UNKNOWN PARTY #1, et al.,           )
                                    )
                Defendants.         )      **OPINION**
                                    )

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983.

Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"),

"no action shall be brought with respect to prison conditions . . . until such administrative remedies

as are available are exhausted."  42 U.S.C. § 1997e(a).  Because Plaintiff has failed to demonstrate

exhaustion of available administrative remedies, the Court will dismiss his complaint without

prejudice.

**Discussion**

I.      Factual allegations

Plaintiff is presently incarcerated at the Muskegon Correctional Facility.  In his *pro

se* complaint, he sues Chippewa Correctional Facility (URF) Warden Unknown Party #1, URF

Inspector Unknown Party #2, URF Assistant Resident Unit Manager Unknown Dailey, and Acting

Assistant Deputy Warden Unknown Perry.

Plaintiff claims that while he was confined at URF he sent a letter to the URF

Inspector informing him that he was having problems with his roommate.  Plaintiff requested that

he be moved because he was afraid for his safety.  Plaintiff was not moved and was subsequently

assaulted.  As a result, Plaintiff suffered two puncture wounds to his upper right shoulder, one small

puncture wound to the back of his head, and a slight abrasion to his right shoulder.  For relief,

Plaintiff requests damages.

II.    Lack of exhaustion of available administrative remedies

Plaintiff has failed to sufficiently allege and show exhaustion of available

administrative remedies.  Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with

respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies.

*See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001).  The exhaustion

requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature

of the wrong or the type of relief sought.  *Porter*, 534 U.S. at 516; *Booth*, 532 U.S. at 741.  A district

court must enforce the exhaustion requirement sua sponte.  *Brown v. Toombs*, 139 F.3d 1102, 1104

(6th Cir.), *cert. denied*, 525 U.S. 833, 119 S. Ct. 88 (1998); *accord Wyatt v. Leonard*, 193 F.3d 876,

879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative

remedies and should attach to his § 1983 complaint the administrative decision disposing of his

complaint, if the decision is available.[1]  *Brown*, 139 F.3d at 1104.  In the absence of written

documentation, the prisoner must describe with specificity the administrative proceeding and its

outcome so that the court may determine what claims, if any, have been exhausted.  *Knuckles El v.*

*Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040, 121 S. Ct. 634 (2000).  A

---

[1]To assist prisoners in meeting this requirement, this Court advises prisoners to attach copies of documents evidencing exhaustion in its form complaint.  The form complaint, which is required by local rule, is disseminated to all the prisons.  *See* W.D. MICH. LCIVR 5.6(a).  Plaintiff has chosen to forego use of the form complaint in this action.

prisoner must specifically mention the involved parties in the grievance to make prison officials aware of the problems so that the prison has a chance to address the claims before they reach federal court. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001).

Plaintiff's claims are the type of claims that may be grieved. *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (may grieve "alleged violations of policy and procedure or unsatisfactory conditions of confinement") (effective Nov. 1, 2000); ¶ II (may grieve brutality and corruption by prison staff) (effective Oct. 11, 1999 and November 1, 2000).

The burden to allege and show exhaustion belongs to Plaintiff. *See* 42 U.S.C. § 1997e(a); *Knuckles El*, 215 F.3d at 642; *Brown*, 139 F.3d at 1104. This requirement is "so that the district court may intelligently decide if the issues raised can be decided on the merits." *Knuckles El*, 215 F.3d at 642. Plaintiff attaches a copy of his step I, II, and III grievances and the responses to those grievances to his complaint. A review of the step I grievance reveals that Plaintiff specifically named the "Inspector," the "Assistant Deputy Warden," and the "Case Managers." Such assertions could cover Plaintiff's claims against Defendants Unknown Party #2 and Unknown Perry. However, Plaintiff fails to name Defendants Unknown Party #1 or Unknown Dailey. An allegation that remedies have been exhausted is not enough, as a plaintiff must provide the decisions reflecting the administrative disposition of his claims or other evidence showing that he has exhausted his remedies. *Williams v. McGinnis*, No. 98-1042, 1999 WL 183345, at *1 (6th Cir. March 16, 1999). The Sixth Circuit has found that the district court is not required to hold evidentiary hearings on the issue of exhaustion or "spend a lot of time with each case just trying to find out whether it has jurisdiction to reach the merits." *See Knuckles El*, 215 F.3d at 642. Accordingly, the Court finds

that Plaintiff has failed to demonstrate exhaustion of available administrative remedies with regard to Defendants Unknown Party #1 or Unknown Dailey.

Because Plaintiff's complaint contains both exhausted and unexhausted claims, the Court will dismiss his action pursuant to the "total exhaustion" rule. Under the total exhaustion rule, the presence of an unexhausted claim results in the dismissal of the entire action. *Jones Bey v. Johnson*, *et al.*, 407 F.3d 801 (6th Cir. 2005). Dismissal of this action without prejudice is appropriate when a prisoner has failed to show that he exhausted available administrative remedies. *See Freeman*, 196 F.3d at 645; *Brown*, 139 F.3d at 1104; *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997). Dismissal for failing to exhaust available administrative remedies does not relieve a plaintiff from payment of the civil action filing fee. *Omar v. Lesza*, No. 97 C 5817, 1997 WL 534361, at *1 (N.D. Ill. Aug. 26, 1997). Accordingly, the Court will dismiss Plaintiff's action without prejudice.

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court will dismiss Plaintiff's action without prejudice because he has failed to show exhaustion as required by 42 U.S.C. § 1997e(a).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is

barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is

barred, he will be required to pay the appellate filing fee in one lump sum.

      A Judgment consistent with this Opinion will be entered.


Dated:      May 23, 2006               /s/ Gordon J. Quist

                                           Gordon J. Quist

                                           United States District Judge